UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
REGINALD DENIS,

                             Plaintiff(s),

      -against.-

HOME DEPOT,

                          Defendant(s).
-------------------------------------------------------------------X

**DECLARATION IN
SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO
AMEND THE COMPLAINT**

Civ. No. 2:10-cv-03227
(ADS)(WDW)

      **REGINA L. DARBY**, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, under penalty of perjury declares and says:

      1.      That I am the principal of the Law Offices of Regina L. Darby, P.C., attorneys for the plaintiff Reginald Denis (hereinafter "Plaintiff") in the above-captioned action. I am fully familiar with all of the facts and circumstances surrounding the within application by virtue of a thorough review of plaintiff's files maintained by my office.

      2.      I make this affirmation in support of the within application for an order pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend the Plaintiff's complaint to add a demand for punitive damages.

## ATTORNEY CERTIFICATION THAT PLAINTIFF MADE GOOD FAITH EFFORTS TO OBTAIN DEFENDANT'S CONSENT FOR PLAINTIFF TO AMEND THE COMPLAINT

      3.      I certify that my office has conferred and attempted to confer with defendant's attorneys in an effort to obtain defendant's consent to plaintiff's request to amend the complaint to add a demand for punitive damages.  Such efforts are evidenced by the communications attached herein.

## FACTUAL BACKGROUND

4.     On February 13, 2009, the plaintiff REGINALD DENIS was detained by Home Depot security and later arrested by police outside of the Home Depot store located at 43 Hutton Avenue, Nanuet, New York 10954, after making a valid purchase ("subject incident"). The subject incident was documented by Home Depot Asset Protection Manager Hau Tran in an apprehension report. A copy of the apprehension report dated February 14, 2009 is annexed hereto as Exhibit "A".

5.     The plaintiff was charged with attempted grand larceny in the third degree, attempted criminal possession of stolen property in the third degree and conspiracy in the fifth degree. A copy of the criminal complaint is annexed hereto as Exhibit "B".

6.     Following his arrest, the plaintiff was imprisoned at the Clarkstown Police Department for a period of five (5) days and then released on his own recognizance by the Town Court Judge on or about February 18, 2009.

7.     Thereafter, plaintiff was found to have violated his probation on the grounds that he failed to lead a law-abiding life by being arrested and charged with three crimes, that he failed to promptly notify his probation officer of same and that he left New York City without receiving permission to do so by the Court or his probation officer. A copy of the violation of probation report is annexed hereto as Exhibit "C".

8.     As a result of his alleged violation of probation, the plaintiff was sentenced to prison and incarcerated from October 27, 2009 until June 19, 2010 at Riker's Island Correctional Facility.

9.     On or about December 23, 2009, the charges pertaining to the attempted theft at the Nanuet Home Depot were dismissed after a video was provided to the District Attorney's Office which confirmed the plaintiff's version of his claim; to wit, that plaintiff was not involved in the

2

attempted theft at Home Depot. A copy of the certificate of disposition is annexed hereto as Exhibit "D". The video surveillance shall be provided to the Court upon its request to view same.

## THE PLEADINGS

10.     This action for defamation, false imprisonment, malicious prosecution, negligence, assault and battery was commenced by The Law Offices of Michael T. Ridge on April 12, 2010 by filing the Summons and Verified Complaint in the Supreme Court of the State of New York, Kings County.   Service of the Summons and Verified Compliant upon the Defendant Home Depot (hereinafter "Defendant") was made pursuant to N.Y. B.C.L. § 307 on July 21, 2010. A copy of the Summons, Verified Complaint and the Affidavit of Service are annexed hereto as Exhibit "E". Subsequently, my office was retained to represent plaintiff in or around August of 2011.

11.     On or about July 14, 2010, prior to the service of its answer. The case was removed to the United States District Court and defendant interposed its Verified Answer on August 11, 2010. A copy of defendant's Verified Answer is annexed hereto as Exhibit "F".

12.     On or about April 15, 2014, the parties entered into a stipulation and order whereby Plaintiff agreed to discontinue its causes of action for defamation, assault and battery as against Defendant, Home Depot, with prejudice and without costs to either party. A copy of the stipulation and order dated April 15, 2014 is annexed hereto as Exhibit "G".

13.     A copy of the proposed amended complaint is annexed hereto as Exhibit "H".

## RELEVANT DISCOVERY HISTORY

14.     In or around July 2011, plaintiff's case was being transferred to my law firm.

15.     On or about August 8, 2011, at the scheduled court conference, my firm provided a Notice of Attorney Appearance to the United States District Court, Eastern District of New York. At that conference Magistrate Judge Wall entered a Scheduling Order which scheduled a pretrial

conference on May 14, 2012 and established several deadlines, including the deadline of January 23, 2011 for motions to amend the complaint, April 16, 2012 for the completion of discovery and April 30, 2012 to start the process of making a dispositive motion.  This was the first extension of the discovery deadline in this case as the initial Scheduling Order dated October 6, 2010 required all discovery be completed by June 15, 2011.  Copies of the Notice of Appearance and the August 8, 2011 Scheduling Order are annexed hereto as Exhibit "I".

16.     On or about May 16, 2012, a status conference was held before Judge Wall.  At that conference Judge Wall extended the discovery deadline to August 31, 2012 and denied defendant's letter motion to compel or preclude discovery.  A copy of the May 16, 2012 Order is annexed hereto as Exhibit "J".

17.     On or about August 22, 2012, Judge Wall entered an Order, upon consent of the parties, extending the completion of discovery deadline to October 31, 2012 (including the completion of all depositions) and adjourned the September 19, 2012 pretrial conference to November 28, 2012.  A copy of Judge Wall's August 22, 2012 Order is annexed hereto as Exhibit "K".

18.     On or about November 28, 2012, a pretrial conference was held before Judge Wall.  As the October 31, 2012 deadline for completion of all fact discovery and depositions passed, defendant's response to plaintiff's Requests for Interrogatories and for Production of Documents remained outstanding and depositions were still not held, Judge Wall granted plaintiff's oral application to move to strike defendant's answer for non-compliance with Rule 26 disclosure obligations.  Judge Wall also granted defendant's application to make a cross-motion to dismiss plaintiff's complaint.  A copy of Judge Wall's November 28, 2012 Order is annexed hereto as Exhibit "L".

4

19.   On February 12, 2013, the parties' motion and cross-motion were filed with the court.

20.   On July 16, 2013 Judge Wall issued an order denying plaintiff's motion to strike defendant's answer and defendant's cross-motion to strike plaintiff's complaint, deeming defendant's untimely objections to plaintiff's request for interrogatories waived (see footnote in said order); granting the parties motions to extend its time to complete discovery to October 15, 2013 and scheduling a pre-trial conference for October 24, 2013.  A copy of the Order dated July 16, 2013 is annexed hereto as Exhibit "M".

21.   On September 19, 2013, the plaintiff Denis, was deposed.  A copy of plaintiff's deposition transcript is annexed hereto as Exhibit "N".

22.   On October 4, 2013, defendant's witness, James Mandato, was deposed.  A copy of Mandato's deposition transcript is annexed hereto as Exhibit "O".

23.   On October 15, 2013, plaintiff wrote the Court to request clarification of the footnote contained in its July 16, 2013 Order because plaintiff had not yet received defendant's response to its interrogatories by the October 15, 2013 discovery deadline.  A copy of plaintiff's October 15, 2013 letter is annexed hereto as Exhibit "P".

24.   On October 18, 2013, non-party witness, former Home Depot asset protection manager, Hau Tran, was deposed.  A copy of Tran's deposition transcript is annexed hereto as Exhibit "Q".

25.   On October 22, 2013, Judge Wall adjourned the October 24, 2013 conference to November 21, 2013 in light of outstanding discovery issues.  A copy of the October 22, 2013 order is annexed hereto as Exhibit "R".

26.   On October 23, 2013, Judge Wall ordered that defendant was to serve revised

interrogatory responses on plaintiff no later than October 29, 2013. A copy of the October 23, 2013 order is annexed hereto as Exhibit "S".

27.     Thereafter, defendant requested two more extensions of the discovery deadline.

28.     On October 29, 2013, defendant sought an extension of the deadline to serve its revised interrogatory responses. A copy of defendant's October 29, 2013 letter is annexed hereto as Exhibit "T".

29.     On October 30, 2013, Judge Wall ordered that defendant's deadline to serve revised interrogatory responses was extended to November 11, 2013. A copy of the October 30, 2013 order is annexed hereto as Exhibit "U".

30.     On November 11, 2013, defendant requested another extension of the discovery deadline, which was opposed by plaintiff. Copies of defendant's letter motion and plaintiff's opposition letter dated November 11, 2013 are annexed hereto as Exhibit "V".

31.     By Order, dated November 12, 2013, Magistrate Judge Wall extended defendant's time to respond to plaintiff's interrogatories to November 25, 2013. A copy of the November 12, 2013 order is annexed hereto as Exhibit "W".

32.     On November 25, 2013 defendant served its revised response to plaintiff's request for interrogatories and its responses to plaintiff's post-deposition demands for discovery and inspection dated October 16, 2013 and October 30, 2013. However, there were several deficiencies with defendant's discovery responses; some of the Home Depot's asset protection policies and procedures and training materials produced were not in effect on the date of the subject incident, a few of defendant's responses were unresponsive, and some of the training modules on the CDs provided therewith did not correspond to label and/or the training materials produced. A copy of defendant's revised response to plaintiff's interrogatories is annexed hereto as Exhibit "X". The

6

corresponding CDs have not been annexed to the instant motion but will be provided to the court if necessary. A copy of defendant's response to plaintiff's post-deposition demand for discovery and inspection dated October 16, 2013 is annexed hereto as Exhibit "Y". A copy of defendant's response to plaintiff's post-deposition demand for discovery and inspection dated October 30, 2013 is annexed hereto as Exhibit "Z".

33.    On December 4, 2013, after a thorough review of all the documents defendant provided in its discovery responses, plaintiff sent defendant a letter regarding documents that defendant purportedly sent in response to plaintiff's interrogatories. Some of the documents defendant listed in its interrogatory response were not provided and/or were policies that were not in effect on the date of the incident, February 13, 2009. A copy of plaintiff's letter dated December 4, 2013 is annexed hereto as Exhibit "AA".

34.    On December 5, 2013, plaintiff sent defendant another letter regarding its responses to plaintiff's interrogatories, specifically responses seven through twelve which were unresponsive, that some of the modules that were disclosed without the corresponding written materials, and that some of the written training materials and policies that were disclosed reference other documents that were not provided to Plaintiff. A copy of the plaintiff's letter dated December 5, 2013 is annexed hereto as Exhibit "BB".

35.    On December 6, 2013, the parties executed and filed a joint pre-trial order.

36.    On December 9, 2013, a pre-trial conference was held before Magistrate Judge Wall. At that conference my associate, Jaclyn L. Dar Conte ("Ms. Dar Conte") addressed the deficiencies in defendant's November 25, 2013 discovery responses and reserved the right to amend the joint pre-trial order once the correct documents were disclosed.

37.    On January 9, 2014, the deposition of non-party witness, probation officer Lauraine

Buckley was held.

38.     On March 3, 2014, plaintiff wrote a good faith letter to defendant about curing the deficiencies in its November 25, 2013 disclosures. A copy of plaintiff's letter dated March 3, 2014 is annexed hereto as Exhibit "CC".

39.     On April 1, 2014, defendant served a letter that was essentially a supplemental response to plaintiff's post-deposition demands for discovery and inspection dated October 16, 2013 and October 30, 2013, respectively, and produced hundreds of pages of additional documents pertaining to its operating procedures. A copy of defendant's letter dated April 1, 2014 and the additional documents disclosed therewith are annexed hereto as Exhibit "DD.

40.     On April 9, 2014, the parties appeared for a conference with the Honorable Judge Spatt and the matter was set down for trial on July 7, 2014.

41.     After a thorough review of all the additional documents defendant provided in its April 1, 2014 supplemental discovery response and comparison with the documents that defendant produced in its November 25, 2013 discovery responses, plaintiff had all the evidence necessary to amend its complaint to add punitive damages.

## PLAINTIFF'S GOOD FAITH EFFORTS TO OBTAIN CONSENT TO AMEND ITS COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a)(2)

42.     On May 6, 2014, my associate Ms. Dar Conte emailed the defendant's attorney Mr. Comer to request that the defendant consent to plaintiff's request to amend the complaint to add a demand punitive damages. A copy of the May 6, 2014 email is annexed hereto as Exhibit "EE".

43.     On May 13, 2014, Mr. Comer responded via email and refused to consent to plaintiff's request to amend its complaint to add punitive damages. A copy of Mr. Comer's May 13, 2014 email is annexed hereto as Exhibit "FF".

44.     Plaintiff submits that the instant motion is timely as it is made shortly after defendant

8

disclosed hundreds of additional pages of discovery, more than four (4) months after the discovery deadline passed, only one month after plaintiff requested defendant consent to amending its complaint and three weeks after defendant's refusal to consent.

45.     No previous application for the relief sought herein has been made.

WHEREFORE, I respectfully request that the Court grant Plaintiff leave to amend its complaint to add a demand for punitive damages pursuant to Fed. R. Civ. P. 15(a)(2) and/or 16(b), and grant such other and further relief as the Court may deem just and proper.


Date:   New York, New York
        June 6, 2014



                                        Regina L. Darby, Esq.