UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REGINALD DENIS

                           Plaintiff,          Case No.: 2:10-cv-3227
                                             (ADS)(WDW)

   -against-

                                             **PROPOSED**
                                             **AMENDED**
HOME DEPOT,                              **COMPLAINT**

                           Defendant.
------------------------------------------------------------------X

       Plaintiff, complaining of the defendant, by his attorney, **LAW OFFICE OF REGINA L. DARBY**, respectfully shows to this Court and alleges:

       1.     That at all times hereinafter mentioned and at the commencement of this action, the plaintiff, **REGINALD DENIS,** was and still is a resident of the County of Bronx, City and State of New York.

       2.     Plaintiff demands a bench trial.

       3.     Upon information and belief, the defendant, **HOME DEPOT**, is a foreign corporation, duly authorized to do business in the State of New York.

       4.     Upon information and belief, the defendant, **HOME DEPOT**, is a foreign corporation, duly authorized to do business in the State of New York.

       5.     Each and all of the acts of the employees alleged herein were done by said people while acting within the scope of their employment by the defendant, **HOME DEPOT,** and/or in the furtherance of its business.

       6.     Upon information and belief, the defendant, **HOME DEPOT,** is a foreign corporation, duly licensed to operate in New York State under and by virtue of the Laws and Constitution of the State of New York and, as such, is responsible for its policies, practices and customs as well as the

hiring, screening, training, supervising, controlling and disciplining of its employees including all the security personnel thereof and that the defendant, **HOME DEPOT,** is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondent superior as at all times relevant all security guards were acting for, upon, and in furtherance of the business of his employer and within the scope of their employment by defendant.

7. Upon information and belief, the defendant, **HOME DEPOT,** transacts business within the State of New York.

8. Upon information and belief, the defendant, **HOME DEPOT,** does or solicits business, engages in a persistent course of conduct, derive substantial revenue from goods used or consumed and by services rendered in the State of New York.

9. Upon information and belief, the defendant, **HOME DEPOT,** owns, uses and/or possesses real property situated within the State of New York.

## FACTS

10. Upon information and belief, on or about February 13, 2009, the plaintiff, **REGINALD DENIS,** went to the defendant's store "**HOME DEPOT**" located at 43 Hutton Ave, Nanuet, New York.

11. Upon information and belief, the above-mentioned premises is owned, maintained, controlled, supervised, subleased and possessed, leased, and/or operated by the defendant, **HOME DEPOT,** as a retail store.

12. Upon information and belief, the plaintiff, **REGINALD DENIS,** entered said store, purchased various items and left the aforementioned premises.

13. Upon information and belief, after the plaintiff, **REGINALD DENIS,** left the aforementioned store he was stopped and summoned back to the store by an employee(s) of the defendant. Said employee forcibly and unjustifiably prevented plaintiff from exiting or moving about

freely and detained plaintiff with no lawful basis and, by summoning the police who, upon false information provided to them by said employee(s) which was knowingly false, at the direction of the aforementioned employee(s) of the defendant placing their hands on the plaintiff and detaining and arresting him.

14. Upon information and belief, plaintiff was placed in handcuffs and escorted into a marked police car in front of numerous members of plaintiff's community due to the aforementioned statements and at the security guards behest.

15. Upon information and belief, plaintiff was imprisoned at the Clarkstown Police Department and required to appear in Court on numerous occasions.

16. Upon information and belief, due to the negligence of the defendant, plaintiff was wrongfully imprisoned for more than one (1) week until he was released on his own recognizance by the Town Court judge on or about February 23rd, 2009.

17. Upon information and belief, due to the negligence of defendant, plaintiff was caused to be charged with: PL 110/155.35 – Attempted Grand Larceny in the 3rd degree (a class E felony), PL 110/165.50 – Attempted Criminal Possession of Stolen Property in the 3rd degree (a class E felony), PL 105.05 (01) -- Conspiracy in the 5th degree (a class A misdemeanor).

18. Upon information and belief, the criminal action related to said incident was disposed of at the Justice Court of the Town of Clarkstown with a dismissal on December 23, 2009.

19. Upon information and belief, as a result of the aforesaid incident and the negligence of the defendant, **HOME DEPOT**, the plaintiff was caused to be arrested and imprisoned by the City of New York on a probation violation.

20. Upon information and belief, said probation violation was caused by the subject false arrest/false imprisonment/malicious prosecution, which were all caused by the negligence of the defendant **HOME DEPOT**.

21. Upon information and belief, the negligence of the defendant, **HOME DEPOT**, caused plaintiff to be arrested and imprisoned on a probation violation, because of which he was incarcerated at Riker's Island Correctional Facility, more specifically, at the Eric M. Taylor Center, located at 10-10 Hazen Street, East Elmhurst, New York 11370.

22. But for the negligence of the defendant, the plaintiff would not have been arrested and incarcerated at Riker's Island, where he was incarcerated for approximately eight (8) months from October 27, 2009 to June 10, 2010.

## FIRST CAUSE OF ACTION FOR FALSE IMPRISONMENT

23. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

24. On the above mentioned date, the employees, agents, servants and/or managers of **HOME DEPOT** did forcibly prevent the plaintiff from exiting their premises with plaintiff's knowledge and without plaintiff's consent. Subsequently, and as outlined above, defendant's negligence caused plaintiff to be wrongfully imprisoned at Riker's Island for approximately eight (8) months because of defendant's negligence.

25. Upon information and belief, the employees, agents, servants and/or managers and/or security guards had no justifiable reason to detain, or cause plaintiff's detention at the aforementioned **HOME DEPOT** nor did they have reason to cause criminal proceedings to be initiated against plaintiff.

26. The false arrest was accomplished with such gross disregard for the rights of the plaintiff as to constitute gross and malicious conduct and a high degree of moral culpability sufficient to warrant an award of punitive damages.

27. Each and all of the acts of the employees, agents, servants and/or mangers and/or security guards alleged herein were done by said persons while acting within the scope of their employment by defendant, **HOME DEPOT**.

28. The acts complained of were carried out by the aforementioned employees, agents, servants and/or managers and/or security guards in their capacities as employees of **HOME DEPOT**, pursuant to the customs, usages, practices, procedures, and rules of the defendant, **HOME DEPOT**, all under the supervision, at the direction of and with the authorization and/or consent of managing and supervising employees and agents of the defendant **HOME DEPOT**.

29. That defendant **HOME DEPOT** by its officers, directors, managing and/or supervising personnel authorized, participated in, consented to and/or ratified plaintiff's false arrest.

30. That as a result of his pain and suffering, the plaintiff, **REGINALD DENIS,** was caused to suffer compensatory damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, which would otherwise have jurisdiction over this action.

## SECOND CAUSE OF ACTION FOR MALICIOUS PROSECUTION

31. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

32. The defendant, **HOME DEPOT,** its employees, agents, servants and/or mangers and/or security guards, misrepresented and falsified evidence, in addition to making false statements that were knowingly false.

33. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, misrepresented and falsified evidence before the local Police Department and the local District Attorney.

34. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, did not make a complete and full statement of facts to the arresting officer and to the prosecuting District Attorney.

35. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, withheld exculpatory evidence from the District Attorney.

36. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, withheld exculpatory evidence from the arresting police officer, despite knowing that said evidence, surveillance video among other evidence, clearly exonerated plaintiff.

37. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, were directly and actively involved in the initiation of criminal proceedings against plaintiff.

38. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, lacked probable cause and/or reasonable suspicion to initiate criminal proceedings against plaintiff.

39. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards acted with malice in initiating criminal proceedings against plaintiff.

40. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, acted in gross disregard and/or willful disregard and/or with reckless disregard and/or with deliberate indifference to the civil rights of plaintiff in initiating and continuing criminal

proceedings against plaintiff as to constitute a high degree of moral culpability sufficient to warrant an award of punitive damages.

41. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, acting within the scope and authority of their employment, carelessly, recklessly, maliciously and negligently caused, permitted, allowed, created and instigated the prosecution, and continuing prosecution, of the plaintiff with deliberate indifference.

42. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, were directly and actively involved in the continuation of criminal proceedings against plaintiff.

43. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, lacked probable cause to continue criminal proceedings against plaintiff.

44. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, acted with malice in continuing criminal proceedings against plaintiff.

45. The defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards misrepresented and falsified evidence throughout all phases of the criminal proceeding.

46. That defendant **HOME DEPOT** by its officers, directors, managing and/or supervising personnel authorized, participated in, consented to and/or ratified the malicious prosecution of plaintiff.

47. Notwithstanding the perjurious and fraudulent conduct of defendant, **HOME DEPOT**, its employees, agents, servants and/or mangers and/or security guards, the criminal proceedings were terminated in plaintiff's favor on or about December 23, 2009.

48. That as a result of his pain and suffering, the plaintiff, **REGINALD DENIS**, was caused to suffer compensatory damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, which would otherwise have jurisdiction over this action.

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

50. That the defendant, **HOME DEPOT,** was negligent, careless and reckless in hiring and retaining as and for its employees, the above employees, mangers and/or security guards' in that the said people lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the security guard employees who lacked and mental capacity and the ability to function as employees of the aforementioned defendant; in that the defendant, **HOME DEPOT,** failed to investigate the above named security guards' background and in that it hired and retained as employees individuals to be employed when hired to be employees; and, in that the defendant, **HOME DEPOT,** their agents, servants and employees were otherwise careless, negligent and/or reckless.

51. The defendant, **HOME DEPOT**, owed the general public, including the plaintiff herein, a duty to determine the qualifications of its employees, servants and agents, including the aforesaid security guards, including:

   a) Adequately evaluating applicants before hiring them and/or contracting and/or retaining their services;

   b) Adequately training and supervising these security guards;

   c) Adequately evaluating these agents', servants', and/or employees' job performance so as to discharge any incompetent or negligent agent, servant and/or

employee before he or she injured the public;

52. Upon information and belief, the security guards' conduct did cause plaintiff to suffer physical injury, including but not limited to, injury to the plaintiff's arm and back, continued pain and suffering, mental anguish, anxiety, in addition to causing the plaintiff's civil rights to be violated in that he was caused to be falsely arrested, wrongfully imprisoned and maliciously prosecuted at the defendant's behest and due to their misrepresentations and overall negligence.

53. The defendant, **HOME DEPOT**, breached these duties to the general public, including the plaintiff herein, by its negligent and careless hiring, training, supervision, and retention of the aforesaid security guards, who were unqualified, incompetent, and/or negligent and careless and/or reckless.

54. That as a direct and proximate result of the wrongful acts of the defendant, **HOME DEPOT**, plaintiff suffered severe and protracted personal injuries, in addition to violation to his civil rights, was and remains incapacitated from his normal pursuits, incurred lost earnings and legal expenses, lost enjoyment of life, all of which will continue into the future, all to his detriment and loss.

55. The plaintiff, **REGINALD DENIS**, was caused to suffer compensatory damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, which would otherwise have jurisdiction over this action.

WHEREFORE, the plaintiff, **REGINALD DENIS,** demands judgment against the defendant for compensatory damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, which would otherwise have jurisdiction over his cause of action alleged herein, together with punitive damages, interest, costs and disbursements of this action.

Dated: New York, New York
      June 6, 2014

Yours, etc.,

**REGINA L. DARBY, ESQ.**
**Law Office of Regina L. Darby**
*Attorney for Plaintiff*
111 John Street, Suite 800
New York, New York 10038
(212) 480-3236