UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
REGINALD DENIS,

                Plaintiff,

         -against-                       **MEMORANDUM OF**
                                            **DECISION AND ORDER**
                                            10-CV-3227 (ADS)(SIL)

HOME DEPOT, U.S.A., Inc.,

                Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**The Law Offices of Regina L. Darby**
*Attorneys for the Plaintiff*
111 John Street
Suite 800
New York, NY 10038
    By: **Regina L. Darby, Esq.**
        Jaclyn L Dar Conte, Esq., **Of Counsel**


**D'Amato & Lynch LLP**
*Attorneys for the Defendant*
Two World Financial Center
New York, NY 10281
    By: Arturo M. Boutin, Esq.
        Robert D. Lang, Esq.
        Stephen F. Willig, Esq.
        Thomas W. Comer, Esq., Of Counsel

**SPATT, District Judge**.

       This case arises from injuries allegedly resulting from a false arrest of the Plaintiff Reginald Denis (the "Plaintiff") on February 13, 2009 at a Home Depot store in Nanuet, New York for attempted shop lifting.

       On April 20, 2010, the Plaintiff commenced this action against the Defendant Home Depot by filing a complaint in the Supreme Court of the State of New York, Kings County,

alleging five causes of action: (1) defamation, (2) false imprisonment, (3) malicious prosecution, (4) assault and battery, and (5) negligence. (Dkt. No. 1, Ex. A.)

On June 15, 2010, the Defendant Home Depot U.S.A., Inc. (the "Defendant") filed a notice of removal to federal court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332. (Dkt. No. 1.) Thereafter, discovery commenced. On April 17, 2014, the Court approved a joint stipulation pursuant to which the Plaintiff Denis voluntarily dismissed its causes of action for assault and battery, and defamation. (Dkt. No. 73.)

Presently before the Court is the Plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) for leave to amend his complaint to add a claim against the Defendant for punitive damages. For the reasons set forth below, the Court grants the Plaintiff's motion to amend the complaint.

## I. BACKGROUND

### A. Underlying Facts

Unless otherwise stated, the following facts are drawn from the original complaint. For purposes of this motion to amend, the Court accepts all well-pleaded, non-conclusory factual allegations as true and treats them in the best light for the Plaintiff. Bartels v. Inc. Vill. of Lloyd Harbor, No. 10-CV-5076 (ADS), 2012 WL 2576142, at *1 (E.D.N.Y. July 2, 2012) (Spatt, J.) (citation omitted).

On February 13, 2009, the Plaintiff was shopping at Home Depot and was allegedly observed by Home Depot Asset Manager Hau Tran ("Tran") speaking with other customers who were putting items into a white vanity cabinet box in order to avoid paying for those items, a process known as "box stuffing." (Compl. at ¶ 10; Hau Dep. Tr. 65:22–23.) The Plaintiff alleges that he went to the store to purchase tools for a construction project and did not purchase

2

a white vanity box or speak with any other customers while at the Home Depot. (Dennis Dep. Tr. 23:24–35.)

After allegedly observing the Plaintiff engage in "box stuffing," Tran contacted the police to report the Plaintiff. (Tran Dep. Tr. 61:5–10.) In the interim, the Plaintiff purchased tools for which he received a receipt and left the store. (Dennis Dep. Tr. at 22:11–25.) After exiting the store, the Plaintiff was met by police officers and Tran. (Id. at 24:24–25.) After Tran identified the Plaintiff as a participant in the alleged larceny, the Plaintiffs was arrested. (Id. at 24:24–29:18.) On the same day of his arrest, he was arraigned, bail was set, and he was charged with grand larceny in the third degree, criminal possession in the third degree, and conspiracy in the fifth degree. (Compl. at ¶ 17.) On or about February 21, 2009, the Plaintiff was released on his own recognizance. (Dennis Dep. Tr. 43:10.)

At the time of his arrest, the Plaintiff was on probation as a result of prior convictions for operating a motor vehicle under the influence of alcohol or drugs and aggravated unlicensed operation of a motor vehicle. (Clarkstown Criminal Compl., Comer Decl., Ex. 2.) Following his February 13, 2009 arrest, the Plaintiff notified his probation officer of the arrest. (Dennis Dep. Tr. 66:6–10.) On March 24, 2009, the Plaintiff's probation officer filed a notice of alleged violation of his probation on several grounds, including his February 13, 2009 arrest and other incidents, independent of his arrest, such as failing to report to his probation officer pursuant to the terms of his probation. (Darby Decl., Ex. C.)

On December 2, 2009, the Plaintiff appeared in the Supreme Court, State of New York Kings County and pled guilty to violating the terms of his parole and was sentenced to one year of imprisonment at Riker's Island Correctional Facility ("Riker's Island"). (See Compl. at ¶ 23.)

On December 23, 2009, the criminal charges against the Plaintiff in connection with his February 13, 2009 arrest were dismissed. (Compl. at ¶ 18, Darby Decl., Ex. D.)

The Plaintiff was incarcerated in Riker's Island for eight months and was released on June 10, 2010. (Compl. at ¶ 23.)

**B. Relevant Procedural History**

As stated above, on April 20, 2010, the Plaintiff commenced this action against the Defendant in the Supreme Court of the State of New York, Kings County, which was then removed by the Defendant to this Court on June 15, 2010.

On August 8, 2011, Magistrate Judge William D. Wall approved a scheduling order pursuant to which all discovery was to be completed by April 16, 2012 and all motions to join or amend the pleadings were to be filed by January 23, 2012. (Dkt. No. 19.) However, the deadline for the completion of discovery was extended five times as the parties took depositions and resolved issues related to document requests and responses to the parties' interrogatories. (Dkt. Nos. 28, 32, 45, 61, 63.) In **his** final order granting an extension to the deadline for the completion of discovery, Judge Wall extended the Defendant's time to respond to the Plaintiff's interrogatories and other requests for post-deposition discovery until November 25, 2013. (Dkt. No. 63.)

On November 25, 2013, the Defendants served revised discovery responses, pursuant to which the Defendant produced certain policies, procedures, and training materials, which the Plaintiffs alleged were incomplete and/or not responsive to their discovery demands. (Darby Decl. at ¶ 32.) On December 6, 2013, the Judge Wall approved a proposed joint pretrial order. (Dkt. No. 66.)

The Plaintiff sent several letters to the Defendant requesting that the Defendant cure the deficiencies in its November 25, 2013 responses. (Darby Decl. at ¶ 33–34.) On April 1, 2014, the Defendant produced a supplemental response to the Plaintiff's discovery request, together with "hundreds of pages of additional documents pertaining to [Home Depot's] operating procedures." (Id. at ¶ 39.) On April 24, 2014, this Court set July 7, 2014 as the date for a bench trial of the Plaintiff's claims. (Dkt. No. 75.)

On June 9, 2014, the Plaintiff filed the present motion to amend his complaint to add a claim for punitive damages, together with a proposed amended complaint. According to the Plaintiff's memorandum of law, the newly-produced documents showed that Tran failed to comply with the Defendant's policies for apprehending suspected shop lifters. (The Pl.'s Opening Br., at 17.) In particular, the Plaintiff alleges that Tran, in contravention of Home Depot's policies, did not maintain continuous observation of the Plaintiff to confirm that he was leaving the store with stolen items; waited approximately twenty hours to compose an apprehension report and view the surveillance video which would have confirmed that the Plaintiff was not involved in "box-stuffing"; and failed to disclose to police the existence of the video. (Id. at 17–21.) The Plaintiff's contend that such a showing, if made at trial, would support an award of punitive damages against the Defendant. (Id. at 21.) On June 20, 2014, the Defendant filed a motion opposing the Plaintiff's request on grounds of undue delay, prejudice, and futility. (Dkt. No. 82.)

On June 25, 2014, the Court granted the parties' joint motion to adjourn the bench trial in light of the present motion and the parties' intention to seek a pre-motion conference on the Plaintiff's proposed motion for summary judgment. (Dkt. No. 84.)

On October 21, 2014, the parties notified the Court that the parties attended a mediation and no settlement was reached. (Dkt. No. 97.) On October 28, 2014, the Court granted the parties' proposed briefing schedule for the Plaintiff's proposed summary judgment motion. (Dkt. No. 98.)

## II. DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading must be "freely given when justice so requires." Amendment should be permitted "unless the non-movant makes a showing of undue delay, bad faith, futility, repeated failures to cure specifically identified deficiencies, or "perhaps most important, the resulting prejudice to the opposing party." RCX I, LLC v. Pitter-Nelson, No. 11 CIV. 03513 (CM), 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (citation omitted).

However, where, as here, a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend "'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Lamothe v. Town of Oyster Bay, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *6 (E.D.N.Y. Oct. 19, 2011) (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)). In order to demonstrate "good cause" for the amendment, a "party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Id. (quoting Sokol Holdings, Inc. v. BMD Munai, Inc., No. 05–CV–3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)). By contrast, "[a] party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." CA, Inc. v. AppDynamics, Inc., No. 13-CV-2111 (WK),

6

2014 WL 2805115, at *2 (E.D.N.Y. June 20, 2014) (internal quotation marks and citations omitted). By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Guity v. Uniondale Union Free Sch. Dist., No. CV 12-1482 (AKT), 2014 WL 795576, at *3 (E.D.N.Y. Feb. 27, 2014).

### B. As to Whether Rule 16 Governs

Here, despite a number of adjustment**s** to the deadlines for discovery completion, the operative scheduling order in this case identifies January 23, 2012 as the deadline for motions to amend pleadings. (Dkt. No. 19.) The Plaintiff filed the instant motion on June 9, 2014, more than two years after the deadline set in the scheduling order. As such, Fed. R. Civ. P. 16(b) governs this case, and the Plaintiff must demonstrate good cause as to why the applicable deadline could not have been reasonably met. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007) ("Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed.").

However, even if the movant demonstrates good cause, the Court retains the sound discretion **to** deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. (citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).

### C. As to Whether the Plaintiff Has Demonstrated Good Cause For the Amendment

The Court concludes that the Plaintiff has demonstrated good cause for granting leave to amend his complaint. As stated above, "[a] party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the

7

deadline." Broadspring, Inc. v. Congoo, LLC, No. 13-CV-1866 JMF, 2014 WL 4100615, at *25 (S.D.N.Y. Aug. 20, 2014) (internal quotation marks and citations omitted).

Here, the Plaintiff's proposed punitive damages claim is based, in part, on Tran's alleged failure to follow the Defendant's operating procedures for dealing with suspected shop lifters. (The Pl.'s Opening Br., at 24.) These policies, which the Plaintiff represents consisted of "hundreds of pages" of documents, were not produced until April 1, 2014. (Id.) The Plaitniff filed the instant motion three months later on June 9, 2014. (Id. at 25.)

The Court concludes that a delay of three months is reasonable under these circumstances, especially where, as here, the Defendant belatedly produced supplemental responses and hundreds of pages of documents in response to the Plaintiff's discovery requests. See, e.g., Broadspring, Inc. v. Congoo, LLC, No. 13-CV-1866 (JMF), 2014 WL 4100615, at *25 (S.D.N.Y. Aug. 20, 2014) ("As Plaintiff comprehensively documents, most of the new factual allegations in the Second Amended Complaint are based on documents contained in those final supplemental productions . . . . Accordingly, Plaintiff easily establishes good cause to file the Second Amended Complaint."); Bryant v. Carlisle Carrier Corp., No. 13-CV-578, 2014 WL 712592 (JG), at *2 (E.D.N.Y. Feb. 25, 2014) ("The delay of just over two months from the completion of Francis's deposition to the filing of defendants' request for a premotion conference relating to the motion to amend does not demonstrate a lack of diligence on the part of the defendants.").

**D. As to Whether the Defendant Will Be Prejudiced By Granting the Plaintiff Leave to Amend His Complaint**

Even if "good cause" is shown by the Plaintiff, the Court may, in its discretion, deny leave to amend where the Defendant demonstrates undue prejudice. See, e.g., CA, Inc. v. AppDynamics, Inc., No. 13-CV-2111 (WK), 2014 WL 2805115, at *4 (E.D.N.Y. June 20, 2014)

8

("The result of permitting amendment would likely be a substantial delay in the resolution of the pending patent infringement action, along with an enormous amount of new discovery on the numerous new factual allegations set forth in the Proposed Amended Complaint. These issues compel a denial of leave to amend.").

"In determining what constitutes 'prejudice,' courts should be "most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim.'" RCX I, LLC, 2014 WL 5809514, at *5-6 (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000). "To analyze whether there is such an impediment, courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Id. (quoting JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 CIV. 9116 (PGG), 2009 WL 1357946, at *1 (S.D.N.Y. May 12, 2009)).

The Court does not find that any of these factors militate**s** toward**s** finding prejudice in the instant case. Although the Plaintiff's proposed amendment relies on new documents recently produced by the Defendant, the proposed amended complaint does not rely on new witnesses and is largely derivative of the original complaint. Therefore, the addition of punitive damages as a remedy will not require the Defendant to expend a significant amount of addition resources in discovery or preparing for trial. See Bryant, 2014 WL 712592 at *2 ("[The] Plaintiffs will not be unduly prejudiced by this amendment. Although some additional discovery will be required, the issue presented in the counterclaim is identical to the issue at the center of [the] plaintiffs' claims — who is responsible for causing the accident — thus, any added discovery should not require [the] plaintiffs to expend significant additional resources.").

Moreover, the original July 7, 2014 trial date has been adjourned in light of the present motion and the parties' desire to file summary judgment motions. (See Dkt. No. 97, 98.) Therefore, the resolution of this case will not be delayed by granting the Plaintiff's motion to amend his complaint. See Bryant v. Carlisle Carrier Corp., 2014 WL 712592 at *2 (E.D.N.Y. Feb. 25, 2014) ("This is not an instance of a motion to amend a pleading on the eve of trial; no trial date has yet been set and the parties have still not completed expert discovery."); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("This is not a case where the amendment came on the eve of trial and would result in new problems of proof.").

Accordingly, the Court does not find the Defendant would be prejudiced by granting the Plaintiff leave to amend his complaint to add the request for punitive damages.

**E. As to Whether the Proposed Amendment Would be Futile**

The non-moving party bears the burden of showing an impediment to the amendment. Id. (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). An amendment is "futile" only if the proposed amendment would not survive a motion to dismiss pursuant to 12(b)(6). Herbert v. Delta Airlines, No. 12-CV-01250 (SLT), 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014).

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Under New York law, "[p]unitive damages are permitted when the defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations'" Ross v. Louise Wise Servs., Inc., 8 N.Y.3d 478, 489, 868 N.E.2d 189, 196 (2007) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 406, 179 N.E.2d 497, 499 (1961)). Punitive damages are not a separate cause of action and, thus, courts generally find motions to strike punitive damages at the motion to dismiss stage to be premature. See, e.g., ); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) ("Because there is no independent cause of action for punitive damages under New York law, . . . , we deny defendant's motion to "dismiss" [the] plaintiff's request for punitive damages as procedurally premature.") (internal quotation marks, citations, and alterations omitted); Willman v. Zelman & Associates, LLC, No. 11 CIV. 1216 (KBF), 2012 WL 811512, at *5 (S.D.N.Y. Mar. 12, 2012) ("Whether or not punitive damages are proper here is not something this Court will decide at this stage of the proceedings and will instead await the conclusion of discovery and any motions for summary judgment."); Amusement Indus., Inc. v. Stern, 693 F.Supp.2d 301, 318 (S.D.N.Y. 2010) ("As we have previously held, however, a motion to dismiss is addressed to a 'claim'— not to a form of damages.") (citation and internal quotation marks omitted); Cohen v. Davis, 926 F. Supp. 399, 405 (S.D.N.Y. 1996) ("Whether the plaintiff is entitled to punitive damages under the circumstances alleged in this complaint is a factual issue that cannot be determined on a motion to dismiss."); accord Nardelli v. Stamberg, 44 N.Y.2d 500, 503, 377 N.E.2d 975 (1978) ("Whether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of the original trier of the facts."). Because the Court applies the Rule 12(b)(6) standard to determine whether a

11

proposed amendment is futile, the Court finds that the Defendant's futility argument is procedurally premature.

### III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiff's motion for leave to amend his complaint to request punitive damages is granted.

**SO ORDERED.**
Dated: Central Islip, New York
November 21, 2014

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge